JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
FLSA Counsel
GRACE A. KIM (CSBN 247456)
Trial Attorney
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071-1202
Telephone: (213) 894-3950
Facsimile:  (213) 894-2064
Email: kim.grace@dol.gov

Attorneys for Plaintiff Secretary of Labor

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ,<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>              Plaintiff,<br>          v.<br><br>ALTERNATIVE SENIOR CARE, INC., a California corporation; LA BELLA HOLDINGS, LLC, a California limited liability company; RG HOLDINGS, LLC, a California limited liability company; ADVOCATE CARE PLACEMENT, LLC, a California limited liability company; TONYA CAMPO, individually and as managing agent; GENEANE PASCHAL, individually and as managing agent; MARIA EMETERIO, individually and as managing agent; JEREMY PARUNGAO, individually and as managing agent.<br><br>              Defendants. | Case No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT**<br>(29 U.S.C. § 201 *et seq.*) |

## INTRODUCTION

The Secretary brings this action to secure unpaid wages and damages for employees who work long hours taking care of senior citizens at residential care homes throughout Orange County, California. Although these workers are essential to Defendants' business operations and are not in business for themselves, Defendants treat their employees as "independent contractors" who are not entitled to the wages and protections guaranteed by the Fair Labor Standards Act. Through this misclassification, Defendants also shift their costs as employers onto these workers, resulting in their employees improperly bearing the burden of Defendants' portion of Social Security contributions, workers' compensation insurance, and other payroll taxes and costs that an employer is required to pay under relevant law. Defendants' actions harm not only their own employees but also law abiding employers who face unfair competition in the marketplace by Defendants' illegal activity. The Secretary thus brings this case to rectify Defendants' actions with respect to their employees, competitors, and the significant public interests at stake.

## RECITALS

1. Plaintiff, Thomas E. Perez, Secretary of Labor, brings this action to enjoin Defendants Alternative Senior Care, Inc.; La Bella Holdings, LLC; RG Holdings, LLC; Advocate Care Placement, LLC; Tonya Campo, individually and as managing agent; Geneane Paschal, individually and as managing agent; Maria Emeterio, individually and as managing agent; and Jeremy Parungao, individually and as managing agent (collectively, "Defendants") from violating provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5), and to recover amounts owed under the FLSA to employees of Defendants, as listed by name in the attached Exhibit A.

2. This Court has subject matter jurisdiction under Section 17 of the FLSA, 29

U.S.C. § 217; this Court also has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and § 1345 (United States as Plaintiff).

3. Venue is proper because the actions giving rise to this Complaint took place in or around Orange County, California, which lies within this district.

## DEFENDANTS ARE EMPLOYERS UNDER THE FLSA

4. (a) Defendant Alternative Senior Care, Inc. ("ASC") is, and at all relevant times has been, a California corporation, with an office and place of business located at 7736 Sugar Drive, Huntington Beach, California, 92647, within the jurisdiction of this Court, and has been engaged in the business of providing residential care home services for elderly residents.  ASC provides its residents with furnished rooms, meals, housekeeping, and laundry services.  Depending on a resident's need, ASC also provides assistance with daily activities, such as personal hygiene, eating, walking, and taking medication.  ASC hires workers to perform the aforementioned tasks ("ASC Employees").  ASC maintains licenses with the California Department of Social Services to operate the following eight facilities:

   1. 7736 Sugar Dr., Huntington Beach, CA, 92647 ("ASC – Sugar");
   2. 15332 Shasta Ln., Huntington Beach, CA, 92647 ("ASC – Shasta");
   3. 18072 Freshwater Cir., Huntington Beach, CA, 92648 ("ASC - Freshwater");
   4. 18422 Manitoba Ln., Huntington Beach, CA 92648 ("ASC – Manitoba");
   5. 17207 Buttonwood St., Fountain Valley, CA 92708 ("ASC – Buttonwood");
   6. 1013 Hollydale Dr., Fullerton, CA, 92831 ("ASC – Hollydale");
   7. 2609 Santa Ysabel Ave., Fullerton, CA, 92831 ("ASC – Santa Ysabel");
   8. 825 N. Lincoln St., Orange, CA 92867 ("ASC – Lincoln").

(b) Defendant La Bella Holdings, LLC ("La Bella Holdings") is, and at all relevant times has been, a California limited liability company with an office and

place of business located at 5311 Chadwick Dr., Huntington Beach, California, 92649, within the jurisdiction of this Court. La Bella Holdings is a managing entity, created and owned by Defendant Tonya Campo and her son, Anthony Campo, that manages five of the eight ASC facilities (ASC-Sugar; ASC-Shasta; ASC-Freshwater; ASC-Buttonwood; ASC-Manitoba).

(c) Defendant RG Holdings, LLC ("RG Holdings") is, and at all relevant times has been, a California limited liability company with an office and place of business located at 3815 Bidwell Dr., Yorba Linda, California, 92886, within the jurisdiction of this Court. RG Holdings is a managing entity, created and owned by Defendant Geneane Paschal, that manages three of the eight ASC facilities (ASC-Hollydale; ASC-Santa Ysabel; ASC-Lincoln).

(d) Defendant Advocate Care Placement, LLC ("Advocate Care Placement") is, and at all relevant times has been, a California limited liability company with an office and place of business located at 15929 Dalmation Ave., La Mirada, CA, 90638, within the jurisdiction of this Court. Advocate Care Placement is a purported staffing agency, created and owned by Defendant Jeremy Parungao.

(e) On information and belief, Defendant Tonya Campo resides within the jurisdiction of this Court.

(f) Defendant Tonya Campo is, and at all relevant times has been, acting directly or indirectly in the interest of ASC in relation to its employees. She owns La Bella Holdings, the managing entity that controls five of the eight ASC facilities. She has the authority to hire and fire ASC Employees, set work schedules, and set wage rates. As such, she is an employer under FLSA § 3(d), 29 U.S.C. § 203(d).

(g) On information and belief, Defendant Geneane Paschal resides within the jurisdiction of this Court.

(h) Defendant Geneane Paschal is, and at all relevant times has been, acting directly or indirectly in the interest of ASC in relation to its employees. She owns RG Holdings, which is the managing entity that controls three of the eight ASC

facilities. She has the authority to hire and fire ASC Employees, set work schedules, and set wage rates. As such, she is an employer under FLSA § 3(d), 29 U.S.C. § 203(d).

(i) On information and belief, Defendant Maria (also known as "Cherry") Emeterio resides within the jurisdiction of this Court.

(j) Defendant Maria Emeterio is, and at all relevant times has been, acting directly or indirectly in the interest of ASC in relation to its employees. She is the manager of the eight ASC facilities and oversees their daily operations. She ensures that all ASC facilities are in compliance with state licensing procedures, recommends hiring and firing ASC Employees, sets work schedules and work locations, trains ASC Employees, and helps set wage rates. As such, she is an employer under FLSA § 3(d), 29 U.S.C. § 203(d).

(k) On information and belief, Defendant Jeremy (also known as "Jay") Parungao, and Defendant Emeterio's husband, resides within the jurisdiction of this Court.

(l) Defendant Jeremy Parungao is, and at all relevant times has been, acting directly or indirectly in the interest of ASC in relation to its employees. In or around February to March 2015, he created Advocate Care Placement, a purported staffing agency, as alleged in greater detail below. He recommends hiring ASC Employees, pays ASC Employees, and helps set work schedules and work locations. As such, he is an employer under FLSA § 3(d), 29 U.S.C. § 203(d).

5. From at least January 1, 2014 to approximately February to March 2015, ASC Employees were required by Defendants to sign "1099 Vendor Agreements," with ASC in order to obtain employment at one of ASC's eight facilities.

6. As a condition of employment, Defendants informed ASC Employees that they were required to register as a DBA ("doing business as"). Defendants instructed ASC Employees to register for DBAs and provided guidance as to how to do so.

7. As a condition of employment, Defendants designated a daily pay rate for their ASC Employees based on their level of experience.

8. As a condition of employment, Defendants established work hours of the ASC Employees, which were at least ten hours per day, between 7:00 a.m. to 7:00 p.m., five days per week.

9. Upon hire, Defendants assigned ASC Employees to work at one of the eight ASC facilities. Depending on staffing needs, Defendants moved ASC Employees between the eight ASC locations.

10. Upon hire, Defendants trained ASC Employees on the tasks required of their employment, including taking care of residents and cleaning the care home.

11. Upon information and belief, La Bella Holdings and RG Holdings are the present holding companies and managing entities for the eight ASC facilities. Previously, four other corporations, in which Defendants Campo and Paschal held an ownership interest or were otherwise affiliated (Paschal, Inc., Campo, Inc., Gatton, Inc., and D-Tag Enterprises, Inc.) acted as holding companies. These four corporations filed for bankruptcy and were dissolved or otherwise became insolvent.[1] La Bella Holdings and RG Holdings became managing entities for the eight ASC facilities upon the dissolution or insolvency of these other companies.

12. Beginning in or around February to March 2015, Defendant Parungao created Advocate Care Placement, a purported staffing agency. Previously, ASC Employees signed agreements (1099 Vendor Agreements) directly with ASC, and ASC Employees were paid by ASC or its holding companies. After Advocate Care Placement was created, ASC Employees were instructed by Defendants to reapply for employment with ASC through Advocate Care Placement. Advocate Care Placement then "placed" ASC Employees back into their existing jobs at ASC. ASC Employees were required to sign vendor agreements with Advocate

---

[1] See C.D. Cal. Bankruptcy court case numbers: 8:13-bk-19571-ES (Paschal, Inc.); 8:13-bk-19574-ES (Campo, Inc.); 8:13-bk-19576-ES (Gatton, Inc.); 8:13-bk-19577-ES (D-Tag Enterprises, Inc.)

Care Placement, which now processed ASC Employees' payroll. Day to day operations and supervision at ASC facilities remained unchanged, however, and ASC Employees continued to be directed by Defendants about how, when, and where to perform their work.

13. Defendants, acting as agents for one another, performed all aspects and duties of employment. Defendants, individually and jointly, serving as agents for one another, controlled the material aspects of the employment relationship with ASC Employees including, hiring, firing, setting pay rates, setting work schedules, assigning work, assigning ASC Employees to work locations, and preparing and maintaining pay records.

14. Defendants designed and maintained an employment structure involving at least four different entities, with each single entity serving the interests of and/or acting as an agent for the others. Through their actions, Defendants actively sought to confuse ASC Employees and conceal from them the basic facts concerning their status and rights as employees, including the protections guaranteed by the FLSA.

15. By misclassifying these workers as independent contractors, Defendants shifted their costs as employers onto the ASC Employees. The resulting costs -- of the employer's share of Social Security contributions, workers' compensation insurance, DBA registration fees, among others -- constitute illegal deductions from the ASC Employees' wages.

16. Through these actions, Defendants were depriving, interfering, and impeding the ability of ASC Employees, and derivatively the Secretary of Labor, to detect the basic circumstances of their employment, and discouraging, punishing and coercing them from exercising their rights as employees under the FLSA.

17. The economic realities of the employment relationship between ASC Employees and Defendants establish that each Defendant is an "employer" within the meaning of FLSA Section 3(d), 29 U.S.C. 203(d), and together served as a team of co-employers. As such, Defendants are jointly and severally liable for all back wages

due to their employees for the relevant time period of at least January 1, 2014 to the present.

## DEFENDANTS' EMPLOYEES ARE ENTITLED TO THE WAGES AND PROTECTIONS OF THE FLSA

18. Defendants' activities constitute and at all relevant times have constituted related activities performed through unified operation or common control for a common business purpose, and are and at all relevant times have been an "enterprise" as defined in FLSA § 3(r), 29 U.S.C. § 203(r).

19. ASC Employees were or are engaged in commerce and/or in handling or working on goods that had been moved in commerce, as they regularly handle goods that had or have been shipped from places outside of the state of California. Defendants' enterprise has, and at all relevant times has had, an annual gross volume of sales made or business done of no less than $500,000.00, and said enterprise constitutes, and at all relevant times has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined by FLSA § 3(s), 29 U.S.C. § 203(s). As such, ASC Employees are covered by the FLSA, including its wage, recordkeeping, and anti-discrimination provisions.

## DEFENDANTS VIOLATED THE FLSA

20. Defendants have willfully and repeatedly violated the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. § 206 and § 215(a)(2), when the illegal deductions made from the wages of ASC Employees for the employers' share of Social Security contributions and other costs reduced ASC Employees' hourly rate below the federal minimum wage of $7.25 per hour.

21. Defendants have willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. § 207 and § 215(a)(2), because they failed to pay the ASC Employees at a rate of time and one half the employees' regular rate

for hours worked over 40 in a workweek. ASC Employees worked at least 50 hours per week and were paid a flat daily rate, and were not paid an overtime premium for their excess hours worked over 40.

22. Defendants have willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. § 211(c) and § 215(a)(5), by failing to maintain, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Secretary pursuant to the authority granted in the FLSA and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516. Defendants misclassified ASC Employees as independent contractors and failed to keep time records that would show adequately and accurately, among other things, the hours worked by ASC Employees each workday, the total hours worked each workweek, the deductions from their wages for the employers' costs and the amount paid, thereby depriving, interfering and impeding the ability of ASC Employees, and derivatively the Secretary of Labor, to detect, identify and have notice of the underpayment of minimum and overtime wages due under the FLSA.

23. Defendants have willfully and repeatedly violated the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by depriving, interfering and impeding the ability of ASC Employees, and derivatively the Secretary of Labor, to detect the basic circumstances of their employment and of their rights as employees under the FLSA, including the right to notify the Secretary of Labor of FLSA violations.

24. By the actions described above, Defendants have repeatedly and willfully violated, and are violating, the above-described provisions of the FLSA during the relevant statutory period.

WHEREFORE, cause having been shown, the Secretary prays for a judgment

against Defendants as follows:

  A. (i) For an Order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with them, from prospectively violating the provisions of Sections 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2), 215(a)(3), and 215(a)(5); and

  B. For an Order

(i) pursuant to FLSA § 16(c), 29 U.S.C. § 216(c), finding Defendants jointly and severally liable for any unpaid minimum wage and overtime compensation during the relevant time period that may be found by the Court to be due under the FLSA, plus an additional amount as and for liquidated damages, equal to any back wages found to have accrued under the FLSA, to present and former employees of Defendants, including the persons listed by name on the attached Exhibit A; or

(ii) in any instances where liquidated damages are not awarded herein, restraining, pursuant to FLSA § 17, 29 U.S.C. § 217, Defendants, their officers, agents, servants and employees and all persons in active concert or participation with them, from continuing to withhold the payment of any unpaid minimum wage and overtime compensation that may be found by this Court to have accrued under the FLSA to present and former employees of Defendants, including the persons listed by name on the attached Exhibit A, plus pre-judgment interest thereon; and,

  D. Awarding the Secretary of Labor the costs of this action; and,

  E. Providing such further legal and equitable relief as may be deemed appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection of, the violations of the FLSA by the Secretary due to Defendants' actions to confuse their workers as to their status as employees protected by the FLSA and/or to intimidate or coerce them from exercising their rights and status as an employee, creating and main-

taining a web of business entities concealing the conditions of employment and the identities of the employers, and failure to maintain complete, accurate or full records as required by 29 U.S.C. §§ 211(c) and 215(a)(5) of the FLSA.

Dated: October 6, 2016

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
FLSA Counsel

__/s/ Grace A. Kim_____
GRACE A. KIM
Trial Attorney
Attorneys for the Plaintiff
U.S. Department of Labor

# EXHIBIT A

1. BARRIA, PHILIP
2. BASA, PATRICK
3. BEBEDOR, ARIEL
4. CABUHAT, CARLO
5. CASTRO, LEONARDO
6. CONDE, REYNATO
7. CRUZ, DENNIS
8. DAMAYO, OSIAS
9. DARIA, EDILBERTO
10. DAVID, CELSO
11. DAVID, RANDY
12. DE GUZMAN, ROSALLY
13. DE LA CRUZ, FRENIL
14. ELESTERIO, CLETA
15. GIBAGA, DOLORES
16. INTIA, JOSE
17. JOAQUIN, SHAYLANIE
18. LAXAMANA, IGMEDIO
19. LISING, ADELBERT
20. MADRIGAL, ERZEN
21. MAGALING, NELSON
22. MALLARI, NOEL
23. MERCED, EDOURD
24. MIRANDA, TERESITA
25. NICOLAS, BENJAMIN
26. RAMISCAL, NERISSA
27. RAMISCAL, RYSSA
28. RAMOS, ELAMI
29. ROBERTS, KIM
30. RODRIGUEZ, MARIVIC
31. SANGUYO, LYDIA
32. SANGUYO, NILO
33. SERRANO, REYNALDO
34. VILLANUEVA, ACE
35. VILLANUEVA, MARLON
36. VILLANUEVA, MARVIN
37. YRASTORZA, JOSEPH
38. YRASTORZA, RENATO