UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

R. ALEXANDER ACOSTA,
   Secretary of Labor,
   United States Department of Labor,

                Plaintiff,

     v.

ALTERNATIVE SENIOR CARE, INC., a
California corporation; LA BELLA
HOLDINGS, LLC, a California limited liability
company; RG HOLDINGS, LLC, a California
limited liability company; ADVOCATE CARE
PLACEMENT, LLC, a California limited
liability company; TONYA CAMPO,
individually and as managing agent;
GENEANE PASCHAL, individually and as
managing agent; MARIA EMETERIO,
individually and as managing agent; JEREMY
PARUNGAO, individually and as managing
agent,

                Defendants.

Case No. 8:16-CV-01848-CJC(DFMx)

**CONSENT JUDGMENT AND
ORDER**

Judge:    Hon. Cormac J. Carney

Plaintiff R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), and Defendants ALTERNATIVE SENIOR CARE, INC. ("ASC"); LA BELLA HOLDINGS, LLC ("La Bella"); RG HOLDINGS, LLC ("RG"); ADVOCATE CARE PLACEMENT, LLC ("Advocate Care"); TONYA CAMPO, individually and as managing agent ("Campo"); GENEANE PASCHAL, individually and as managing agent ("Paschal"); MARIA EMETERIO, individually and as managing agent ("Emeterio"); and JEREMY PARUNGAO, individually and as managing agent ("Parungao") (collectively, "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this consent judgment ("Consent Judgment" or "Judgment") in accordance herewith.

## I.     **ADMISSIONS BY THE PARTIES**

1. The Secretary has filed a Complaint alleging that Defendants each violated, and continue to violate, provisions of Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§ 206, 211(c), 215(a)(2), (a)(3), and (5).

2. Defendants acknowledge receipt of a copy of the Secretary's Complaint.

3. Defendants agree herein to resolve all allegations of the Secretary's Complaint.

4. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the United States District Court for the Central District of California, Southern Division.

5. Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

6. Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction have notice of, and understand, all provisions of this Consent Judgment.

7.     Defendant ASC admits that it is, and at all relevant times has been, a California corporation, with an office and place of business located at 7736 Sugar Drive, Huntington Beach, California, 92647, within the jurisdiction of this Court, and that it is, and has been, engaged in the business of providing residential care home services for elderly residents.

8.     Defendant ASC admits that, during at least some part of the Secretary's investigative period of October 6, 2013 through the present ("Investigative Period"), it has maintained licenses to operate eight licensed care home facilities in Orange County, located at:

      a.  7736 Sugar Dr., Huntington Beach, CA, 92647 ("ASC Sugar");

      b.  15332 Shasta Ln., Huntington Beach, CA, 92647 ("ASC Shasta");

      c.  18072 Freshwater Cir., Huntington Beach, CA, 92648 ("ASC Freshwater");

      d.  18422 Manitoba Ln., Huntington Beach, CA 92648 ("ASC Manitoba");

      e.  17207 Buttonwood St., Fountain Valley, CA 92708 ("ASC Buttonwood");

      f.  1013 Hollydale Dr., Fullerton, CA, 92831 ("ASC Hollydale");

      g.  2609 Santa Ysabel Ave., Fullerton, CA, 92831 ("ASC Santa Ysabel");

      h.  825 N. Lincoln St., Orange, CA 92867 ("ASC Lincoln").

9.     Defendants each admit that during the Investigative Period, caregivers worked at the ASC facilities to provide care to the facilities' elderly residents ("ASC Caregivers"), including but not limited to: assistance with daily activities, such as personal hygiene, eating, walking, and taking medication.

10.     Defendant La Bella admits that it is, and at all relevant times has been, a California limited liability company with an office and place of business located

at 5311 Chadwick Dr., Huntington Beach, California, 92649, within the jurisdiction of this Court. La Bella admits that from approximately December 2014 through present, it operated as a holding company, created and owned solely by Campo, to help run and operate up to five ASC facilities (ASC Sugar; ASC Shasta; ASC Freshwater; ASC Buttonwood; ASC Manitoba), including but not limited to managing operating income and expenses at these ASC facilities.

11.     Defendant RG admits that it is, and at all relevant times has been, a California limited liability company with an office and place of business located at 3815 Bidwell Dr., Yorba Linda, California, 92886, within the jurisdiction of this Court. RG Holdings admits that from approximately December 2014 through present, it operated , as a holding company, created and owned solely by Paschal, to help run and operate up to three ASC facilities (ASC Hollydale; ASC Santa Ysabel; ASC Lincoln), including but not limited to managing operating income and expenses at these ASC facilities.

12.     Defendant Advocate Care admits that it is, and at all relevant times has been, a California limited liability company with an office and place of business located at 15929 Dalmatian Ave., La Mirada, CA, 90638, within the jurisdiction of this Court. Advocate Care admits it was created and owned by Defendant Jeremy Parungao, and further admits that from approximately February through December 2015, it operated as a staffing agency to provide ASC Caregivers at ASC's facilities.

13.     Defendants ASC, La Bella, and RG admit that they recently sold three ASC properties (ASC Buttonwood; ASC Manitoba; ASC Santa Ysabel) to third parties.

14.     Defendants ASC, La Bella, and RG admit that they recently sold one ASC property (ASC Shasta) to Defendants Emeterio and Parungao.

15.     Defendant Campo admits that she does reside, and at all relevant times has resided, within the jurisdiction of this Court.

16.     Defendant Paschal admits that she does reside, and at all relevant times has resided, within the jurisdiction of this Court.

17.     Defendant Emeterio admits that she does reside, and at all relevant times has resided, within the jurisdiction of this Court.

18.     Defendant Parungao admits that he does reside, and at all relevant times has resided, within the jurisdiction of this Court.

19.     Defendants each admit that they employ, and at all relevant times, have employed ASC Caregivers at each of the eight above-named ASC facilities during at least some part of the Investigative Period.  Defendants each admit that since at least October 6, 2013 through the date that they sign this Consent Judgment, the ASC Caregivers were and are engaged in commerce within the meaning of the FLSA.

20.     Defendants each admit that since at least October 6, 2013, their above-described activities constitute and at all relevant times have constituted related activities performed through unified operation or common control for a common business purpose, and are and at all relevant times have been an "enterprise" as defined in FLSA § 3(r), 29 U.S.C. § 203(r).

21.     Defendants each admit that since at least October 6, 2013, ASC Caregivers handled  or worked  on goods that had been moved in commerce, as they regularly handle goods that had or have been shipped from places outside of the state of California.  Defendants each admit that their enterprise has, and at all relevant times has had, an annual gross volume of sales made or business done of no less than $500,000.00, and said enterprise constitutes, and at all relevant times has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined by FLSA § 3(s), 29 U.S.C. § 203(s).  As such, Defendants each admit that ASC Caregivers are covered by the FLSA, including its wage, recordkeeping, and anti-discrimination provisions.

22.     Defendants each understand and expressly acknowledge that the

provisions and safeguards guaranteed under the FLSA to employees, including but not limited to those found in Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5), apply to the ASC Employees.

23. Defendants each admit and agree that no later than forty-five (45) calendar days from the date the parties sign this judgment they will classify all caregivers as employees under the FLSA. Further, any future caregivers at any of their current ASC facilities (ASC Sugar, ASC Freshwater, ASC Lincoln, ASC Hollydale, ASC Shasta), or any future facility should the current facilities cease operations or should any of Defendants acquire or operate additional elder care facilities in California, must be classified as employees.

24. Defendants each understand and expressly acknowledge that demanding or accepting any of the monies due to any employees under the terms of this Consent Judgment, threatening any employee for accepting monies due under this Consent Judgment, or threatening any employee for exercising any of his or her rights under the FLSA is specifically prohibited and may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

25. Defendants each understand and expressly acknowledge that it is "unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA], or has testified or is about to testify in any such proceeding…" See 29 U.S.C. § 215(a)(3). Defendants each understand and expressly acknowledge that it is illegal to retaliate in any manner against any employee, including the ASC Employees, because he or she has participated in the instant proceedings by, among other things, talking to the Secretary's representatives, providing deposition or trial testimony, or in any way pursuing his or her rights under the FLSA. Defendants each further understand and expressly acknowledge that taking any retaliatory actions against any

employee in violation of the FLSA and the express terms of this Consent Judgment may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having considered the submissions made in connection with the proposed settlement, the representations, arguments, recommendation of counsel for the parties, and the requirements of law, the Court hereby makes the following findings of fact and conclusions of law in support of its Final Order and Judgment approving the Consent Judgment.

1.     The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 6, 7, 11(c), 15(a)(2), 15(a)(3) and, 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(3), and 215(a)(5).

2.     Defendants have received a copy of the Secretary's Complaint.

3.     Defendants have withdrawn any defenses to the Secretary's Complaint.

4.     This Court has jurisdiction over the parties and subject matter of this civil action, and venue lies in the United States District Court for the Central District of California, Southern Division.

5.     Defendants and the Secretary have agreed to the entry of this Consent Judgment without contest.

6.     Defendants and any individual or entity acting on their behalf or at their direction have notice of, and understand, all provisions of this Consent Judgment.

7.     Defendant ASC is, and at all relevant times has been, a California corporation, with an office and place of business located at 7736 Sugar Drive, Huntington Beach, California, 92647, within the jurisdiction of this Court, and has been engaged in the business of providing residential care home services for elderly residents.

8. During at least some part of the Investigative Period, Defendant ASC has maintained licenses to operate eight licensed care home facilities in Orange County, located at:

    a. 7736 Sugar Dr., Huntington Beach, CA, 92647 ("ASC Sugar");

    b. 15332 Shasta Ln., Huntington Beach, CA, 92647 ("ASC Shasta");

    c. 18072 Freshwater Cir., Huntington Beach, CA, 92648 ("ASC Freshwater");

    d. 18422 Manitoba Ln., Huntington Beach, CA 92648 ("ASC Manitoba");

    e. 17207 Buttonwood St., Fountain Valley, CA 92708 ("ASC Buttonwood");

    f. 1013 Hollydale Dr., Fullerton, CA, 92831 ("ASC Hollydale");

    g. 2609 Santa Ysabel Ave., Fullerton, CA, 92831 ("ASC Santa Ysabel");

    h. 825 N. Lincoln St., Orange, CA 92867 ("ASC Lincoln").

9. During the Investigative Period, ASC Caregivers worked at the ASC facilities to provide care to the facilities' elderly residents, including but not limited to: assistance with daily activities, such as personal hygiene, eating, walking, and taking medication.

10. Defendant La Bella is, and at all relevant times has been, a California limited liability company with an office and place of business located at 5311 Chadwick Dr., Huntington Beach, California, 92649, within the jurisdiction of this Court. From approximately December 2014 through present, La Bella is and has been, a holding company, created and owned solely by Campo, to help run and operate up to five ASC facilities (ASC Sugar; ASC Shasta; ASC Freshwater; ASC Buttonwood; ASC Manitoba), including but not limited to managing operating income and expenses at these ASC facilities.

11.     Defendant RG is, and at all relevant times has been, a California limited liability company with an office and place of business located at 3815 Bidwell Dr., Yorba Linda, California, 92886, within the jurisdiction of this Court. From approximately December 2014 through present, RG Holdings is and has been, a holding company, created and owned solely by Paschal, to help run and operate up to three ASC facilities (ASC Hollydale; ASC Santa Ysabel; ASC Lincoln), including but not limited to managing operating income and expenses at these ASC facilities.

12.     Defendant Advocate Care is, and at all relevant times has been, a California limited liability company with an office and place of business located at 15929 Dalmatian Ave., La Mirada, CA, 90638, within the jurisdiction of this Court. Advocate Care was created and owned by Defendant Jeremy Parungao, and from approximately February through December 2015, it operated as a staffing agency to provide ASC Caregivers at ASC's facilities.

13.     Defendants ASC, La Bella, and RG recently sold three ASC properties (ASC Buttonwood; ASC Manitoba; ASC Santa Ysabel) to third parties.

14.     Defendants ASC, La Bella, and RG recently sold one ASC property (ASC Shasta) to Defendants Emeterio and Parungao.

15.     Defendant Campo resides, and at all relevant times has resided, within the jurisdiction of this Court.

16.     Defendant Paschal resides, and at all relevant times has resided, within the jurisdiction of this Court.

17.     Defendant Emeterio resides, and at all relevant times has resided, within the jurisdiction of this Court.

18.     Defendant Parungao resides, and at all relevant times has resided, within the jurisdiction of this Court.

19.     Defendants each employ, and at all relevant times, have employed, ASC Caregivers at each of the eight above-named ASC facilities during at least

some part of the Investigative Period.  Since at least October 6, 2013 through the date that Defendants have signed this Consent Judgment, the ASC Caregivers were and are engaged in commerce within the meaning of the FLSA.

20.     Since at least October 6, 2013, Defendants' activities constitute and at all relevant times have constituted related activities performed through unified operation or common control for a common business purpose, and are and at all relevant times have been an "enterprise" as defined in FLSA § 3(r), 29 U.S.C. § 203(r).

21.     Since at least October 6, 2013, ASC Caregivers handled or worked on goods that had been moved in commerce, as they regularly handle goods that had or have been shipped from places outside of the state of California.  Defendants' enterprise has, and at all relevant times has had, an annual gross volume of sales made or business done of no less than $500,000.00, and said enterprise constitutes, and at all relevant times has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined by FLSA § 3(s), 29 U.S.C. § 203(s).  As such, ASC Caregivers are covered by the FLSA, including its wage, recordkeeping, and anti-discrimination provisions.

22.     The provisions and safeguards guaranteed under the FLSA to employees, including but not limited to those found in Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5), apply to the ASC Employees.

23.     Defendants each admit and agree that no later than forty-five calendar days from the date they signed this judgment they will classify all caregivers as employees under the FLSA. Further, any future caregivers at any of their current ASC facilities (ASC Sugar, ASC Freshwater, ASC Lincoln, ASC Hollydale, ASC Shasta), or any future facility should the current facilities cease operations or should any of Defendants acquire or operate additional elder care facilities in California, shall be classified as employees.

24.     Demanding or accepting any of the monies due to any employees

under the terms of this Consent Judgment, threatening any employee for accepting monies due under this Consent Judgment, or threatening any employee for exercising any of his or her rights under the FLSA is specifically prohibited and may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

25.     It is "unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA], or has testified or is about to testify in any such proceeding…" <u>See</u> 29 U.S.C. § 215(a)(3). It is illegal to retaliate in any manner against any employee, including the ASC Employees, because he or she has participated in the instant proceedings by, among other things, talking to the Secretary's representatives, providing deposition or trial testimony, or in any way pursuing his or her rights under the FLSA.  Taking any retaliatory actions against any employee in violation of the FLSA and the express terms of this Consent Judgment may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

## III.  <u>JUDGMENT AND ORDER</u>

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, Defendants ALTERNATIVE SENIOR CARE, INC.; LA BELLA HOLDINGS, LLC; RG HOLDINGS, LLC; ADVOCATE CARE PLACEMENT, LLC; TONYA CAMPO, individually and as managing agent; GENEANE PASCHAL, individually and as managing agent; MARIA EMETERIO, individually and as managing agent; and JEREMY PARUNGAO, individually and as managing agent, their officers, agents, servants, employees, successor companies, and all persons in active concert or participation with them,

be, and they hereby are, permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to the FLSA, improperly classify the ASC Employees and any other present or future caregivers at any of their current ASC facilities (ASC Sugar, ASC Freshwater, ASC Lincoln, ASC Hollydale, ASC Shasta), or any future facility should the current facilities cease operations or should any of Defendants acquire additional elder care facilities in California, as independent contractors or otherwise as non-employees, but shall treat and classify said individuals as employees who shall enjoy all protections and safeguards guaranteed under the FLSA, including but not limited to those found in Sections 6, 7, 11(c), 15(a)(2), 15(a)(3)and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(3), and 215(a)(5).

2. Defendants shall no later than forty-five (45) calendar days from the date Defendants' signed this judgment classify all caregivers as employees under the FLSA. Further, any future caregivers at any of their current ASC facilities (ASC Sugar, ASC Freshwater, ASC Lincoln, ASC Hollydale, ASC Shasta), or any future facility should the current facilities cease operations or should any of Defendants acquire or operate additional elder care facilities in California, shall be classified as employees.

3. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the FLSA).

4. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA,

fail to pay any of their employees at a rate of time and one half the employees' regular rate for hours worked over 40 in a workweek.

5. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the FLSA fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516.

6. Defendants shall make, keep, and preserve accurate records of the wages, hours, and other work conditions and practices of each and every individual who performs any work for Defendants at any of their current ASC facilities (ASC Sugar, ASC Freshwater, ASC Lincoln, ASC Hollydale, ASC Shasta), or any future facility should the current facilities cease operations or should any of Defendants acquire additional elder care facilities in California.

7. Defendants shall not, contrary to Section 15(a)(3) of the FLSA discharge, threaten to discharge, lay off, refuse to provide work, reduce the work schedule or wages, intimidate, provide negative employment references or take any steps to interfere with an employee's application to work for another employer, or in any other manner discriminate against any employee as a result of this litigation or because such employee has filed any complaint under or related to the FLSA, has spoken to the Secretary's representatives (or provided a statement) in connection with this litigation, has provided deposition testimony in this litigation, and/or has been named as a witness on the Secretary's witness list. Defendants shall not terminate, refuse to provide work for, reduce the work, or lay off any employee as a result of this litigation or employee actions to enforce rights protected by the FLSA.

8. Defendants shall not withhold payment of **$100,000,** which constitutes unpaid minimum wage and overtime compensation for weeks during which minimum wage and overtime violations were found due for the Subject Period to

those current and former employees of Defendants named in **Exhibit A**, attached hereto and made a part hereof ("Backwage Calculation"), plus an additional equal amount of **$100,000,** as statutorily authorized liquidated damages ("Liquidated Damages"), for a total of **$200,000** for the Subject Period to the present and former employees of Defendants named in **Exhibit A**, attached hereto and made a part hereof, in the amounts set forth therein.

9. **IT IS FURTHER ORDERED** that Defendants shall make the Backwage Calculation and Liquidated Damages payments to the Wage Hour Division of the United States Department of Labor in the amount of **$100,000,** and **$100,000,** respectively**,** for a total of **$200,000**.

10. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any monies in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any monies in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants withhold work or wages, discharge, threaten to discharge, or in any other manner discriminate, solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained monies due to him or her from Defendants under the provisions of this Consent Judgment or the FLSA.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 8 above in accordance with Section 16(c) of the FLSA, in favor of the Secretary and against Defendants in the total amount of **$200,000.**

11. Defendants shall pay to the Secretary the amount of minimum wage and overtime back wages due for the Subject Period to the current and former

employees of Defendants as set forth in **Exhibit A**, attached hereto and made a part hereof.

12.    Pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216, Defendants shall further pay to the Secretary the additional sum of liquidated damages, hereby found to be due for the Subject Period to the current and former employees named in **Exhibit A**, attached hereto and made a part hereof.

13.    The monetary provisions of this Consent Judgment shall be deemed satisfied where Defendants comply with the following payment provisions:

a.    Within **sixty (60) calendar days** of the entry of this Consent Judgment, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, Attn: Jose L. Medina, 770 The City Drive South, Suite 5710, Orange, CA 92868-4954, a schedule containing: (1) the employer's name, employer identification number, employer addresses and telephone number, and (2) the names, last known home addresses, Social Security numbers, home telephone numbers, mobile telephone numbers, for each ASC caretaker named in the attached **Exhibit A**, to the extent such information is available to Defendants, and for timely remitting said deductions to the appropriate governmental agencies entitled thereto.

b.    Within **fifteen (15) calendar days** of entry of this Consent Judgment, Defendants shall deliver to the Wage and Hour Division, as provided above, a check for $100,000. The check shall have "Liquidated Damages" written thereon.

c.    **On or before August 1, 2018**, Defendants shall deliver to Wage and Hour Division, as provided above, a check in the amount of $25,000 + $167.00 Interest for a total amount of $25,167.00.  The check shall have "Back Wages" written thereon.

d.    **On or before November 1, 2018**, Defendants shall deliver to

Wage and Hour, as provided above, a check in the amount of $25,000 + $167.00 Interest for a total amount of $25,167.00. The check shall have "Back Wages" written thereon.

e. **On or before March 1, 2019,** Defendants shall deliver to Wage and Hour Division, as provided above, a check in the amount of $25,000 + $167.00 Interest for a total amount of $25,167.00. The check shall have "Back Wages" written thereon.

f. **On or before July 1, 2019**, Defendants shall deliver to Wage and Hour Division, as provided above, a check in the amount of $25,000 + $167.00 Interest for a total amount of $25,167.00. The check shall have "Back Wages" written thereon.

14.    In the event of a default in the timely making of the payments specified in this Consent Judgment, the full gross amount outstanding due under this Consent Judgment, plus post-judgment interest at the rate of 10% per year from the date of this Consent Judgment until the amount of this Consent Judgment is paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the Wage and Hour Division. For the purposes of this paragraph, a "default" is deemed to occur if payment is not delivered within five (5) calendar days of the due date.

15.    Upon receipt of the payments detailed supra, the Secretary shall distribute said payments to the persons named in the attached **Exhibit A**, or to their estates if that be necessary, in his sole discretion, and any monies not so paid within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

16.    Within **forty-five (45) calendar days** of the date of entry of this

Consent Judgment, Defendants shall provide each of their employees with a copy of the notice of rights, attached as **Exhibit B**, which summarizes the terms of this Consent Judgment and provides direct guidance from the U.S. Department of Labor regarding employees' rights, including protection from retaliation, under the FLSA ("Notice of Rights"). **Exhibit B** includes an English version of the Notices of Rights. In the event Defendants are informed in writing by an employee or the Department that the native or preferred language of any employee of Defendants is a language other than English, Defendants shall ensure that the Notice of Rights is properly translated into that language within **seven (7) calendar days**. Within the time period prescribed above, Defendants shall take the following steps to help ensure that all of Defendants' employees are aware of their rights under the FLSA:

      a.    Defendants shall post a copy of Exhibit B in a prominent location at each of their current ASC facilities (for example, near the facility's front door, in a break room, in a restroom), and Defendants shall do the same at any future facility should the current ASC facilities cease operations or should any of Defendants acquire additional elder care facilities in California, within ten (10) calendar days of it beginning operations;

      b.    Defendants shall provide a copy of **Exhibit B** to all of Defendants' employees;

      c.    Defendants shall provide a copy of **Exhibit B** to all newly hired employees before or by the date said employee begins performing work for Defendants at any of their current ASC facilities (ASC Sugar, ASC Freshwater, ASC Lincoln, ASC Hollydale, ASC Shasta), or any future facility should the current facilities cease operations or should any of Defendants acquire additional elder care facilities in California.

    17.    Within **ten (10) calendar days** of the date that Defendants sign this Consent Judgment, Defendants shall post U.S. Department of Labor-approved

posters regarding the minimum wage and overtime provisions of the FLSA, in a prominent location at each of their current ASC facilities (for example, near the facility's front door, in a break room, in a restroom) and Defendants shall do the same at any future facility should the current ASC facilities cease operations or should any of Defendants acquire additional elder care facilities in California, within ten (10) calendar days of it beginning operations. Copies of said posters are available for download and printing

at: http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

18.     Within **three (3) months** of the date that Defendants sign this Consent Judgment, or as soon as thereafter practicable given Wage and Hour representatives' availability, Defendants shall permit representatives from Wage and Hour to conduct a training session for all employees at each of Defendants' current ASC facilities (and any future facility should the current ASC facilities cease operations or should any of Defendants acquire additional elder care facilities in California). Defendants Campo, Paschal, Emeterio, and Parungao shall also be present at said training, which shall be compensable time for which employees shall receive pay. Topics to be covered by Wage and Hour during said training shall include, but are not limited to: minimum wage, overtime, and recordkeeping provisions of the FLSA; specific considerations relating to improper classification in the care home industry; and anti-retaliation provisions of the FLSA. Upon a determination by Wage and Hour representatives, said training may be followed by a confidential question and answer session between Wage and Hour representatives and Defendants' employees, during which time Defendants Campo, Paschal, Emeterio, Parungao (and their officers, agents, servants, employees, successor companies, and all persons in active concert or participation with them) are not present ("Q&A Session"). The Q&A Session shall also be compensable time for which employees shall receive pay.

19.     Within **forty-five (45) calendar days** of the date that Defendants sign

this Consent Judgment, Defendants shall implement a recordkeeping, retention, and inspection program as detailed below:

       a. All employees of Defendants at their current ASC facilities or any future facility should the current facilities cease operations or should any of Defendants acquire additional elder care facilities in California, shall record their work time in an accurate and timely manner, whether such recording be made through the use of a time clock, smart phone application, handwritten time records, or by other means ("Time Records"). Work time shall include, but is not necessarily limited to, time spent by individuals: bathing, grooming, clothing, feeding, providing companionship and social interaction with client residents (via taking residents on walks, playing games, etc.), or otherwise providing any care for client residents; cooking meals; doing laundry; performing housekeeping duties; and performing administrative tasks. All individuals performing work for Defendants at any of their future elder care facilities shall implement the same recordkeeping system within either the first day said facility begins operations or the first day said employee begins his or her employment with Defendants.

       b. For each work week, Defendants shall sum each employee's Time Records to identify the time worked each day and each workweek per individual. Each pay period, Defendants shall prepare a statement of hours worked by each individual for each day, week and pay period ("Work Hours Summary"). Defendants shall have each individual review his or her Work

Hours Summary, write in corrections if necessary, and sign the
Work Hours Summary.  Each Work Hours Summary shall
contain a statement indicating that:

**"Your Employer must pay you for all hours worked,**
**which includes all time that you are required to be on**
**the Employer's premises and are not free from duties.**
**If you think your Employer has not paid you for all**
**hours you worked, you can call the U.S. Department**
**of Labor to make a confidential complaint at 1-866-**
**4US-WAGE."**

  c.  Immediately upon issuance and for two (2) years
    thereafter, Defendants shall maintain copies of all Work Hours
    Summary for inspection by the U.S. Department of Labor at
    any time and by any of Defendants' employees at any time.

 20. Within __60 days of this judgment__, Defendants shall hire an
independent third-party (including attorneys or accountants) to conduct supervisor
training as to the requirements of the FLSA. The training shall be for one session
of not less than one hour with an opportunity for questions and answers and shall
address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation
requirements, and the FLSA's requirements for classifying workers properly as
employees as opposed to independent contractors.  All supervisors and employees
who determine employees' pay or schedules or who prepare payroll shall attend
this training.  Defendants shall maintain documentation of these trainings for a
period of three (3) years and shall provide it to representatives of the Secretary of
Labor upon request. The documentation must include without limitation a list of
attendees (with their signatures), the content of the training, including any
materials used, distributed or referenced during the training, and the date, time and

location of the training. This training shall be repeated on an annual basis for a period of three (3) years.

21.    The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as, or be asserted as, a bar to any action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the attached **Exhibit A**, nor as to any employee named on the attached **Exhibit A** for any period not specified herein for the back wage recovery provisions.

22.    Each party shall bear all fees and other expenses (including court costs and attorney's fees) incurred by such party in connection with any stage of this proceeding.

23.    IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment for five years.

**IT IS SO ORDERED.**

Date: June 7, 2018

_____
THE HON. CORMAC J. CARNEY
United States District Judge

Respectfully presented by:

Date: _April 6, 2018_

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

MARC A. PILOTIN
Counsel for Wage and Hour Litigation

_____
BORIS ORLOV
Senior Trial Attorney

GRACE A. KIM
Senior Trial Attorney
_Attorneys for Plaintiff_

_____
On behalf of Alternative Senior Care,
Inc.

_____
Title

_____
On behalf of La Bella Holdings, LLC

_____
Title

_____
On behalf of RG Holdings, LLC

Date: _4/6/18_

Respectfully presented by:

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

MARC A. PILOTIN
Counsel for Wage and Hour Litigation

_____
BORIS ORLOV
Senior Trial Attorney

GRACE A. KIM
Senior Trial Attorney
*Attorneys for Plaintiff*

_____

On behalf of Alternative Senior Care,

Inc.

_____
Title

_____

On behalf of La Bella Holdings, LLC

_____
Title

On behalf of RG Holdings, LLC

Respectfully presented by:

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

MARC A. PILOTIN
Counsel for Wage and Hour Litigation

_____
BORIS ORLOV
Senior Trial Attorney

GRACE A. KIM
Senior Trial Attorney
*Attorneys for Plaintiff*

_____
On behalf of Alternative Senior Care, Inc.

CEO/Admin
_____
Title

_____
On behalf of La Bella Holdings, LLC

_____
Title

_____
On behalf of RG Holdings, LLC

Date: _____

_____
Title

_____
On behalf of Advocate Care Placement,
LLC

_____
Title                 _Tonya Campo_
_____
Tonya Campo, individually and as
managing agent

_____
Geneane Paschal, individually and as
managing agent

_____
Maria Emeterio, individually and as
managing agent

_____
Jeremy Parungao, individually and as
managing agent

Approved as to form,
Law Offices of Lee E. Burrows

_____
Lee E. Burrows, Esq.

_Member_

Title

_____

On behalf of Advocate Care Placement,
LLC

_____

Title

_____

Tonya Campo, individually and as
managing agent

_____

Geneane Paschal, individually and as
managing agent

_____

Maria Emeterio, individually and as
managing agent

_____

Jeremy Parungao, individually and as
managing agent

Approved as to form,
Law Offices of Lee E. Burrows

_____

Lee E. Burrows, Esq.

Title

On behalf of Advocate Care Placement, LLC

Member

Title

Tonya Campo, individually and as managing agent

Geneane Paschal, individually and as managing agent

Maria Emeterio, individually and as managing agent

Jeremy Panugao, individually and as managing agent

Approved as to form,
Law Offices of Lee E. Burrows

_____

Lee E. Burrows, Esq.

_____

Title

_____

On behalf of Advocate Care Placement,
LLC

_____

Title

_____

Tonya Campo, individually and as
managing agent

_____

Geneane Paschal, individually and as
managing agent

_____

Maria Emeterio, individually and as
managing agent

_____

Jeremy Parungao, individually and as
managing agent

Approved as to form,
Law Offices of Lee E. Burrows

_____

Lee E. Burrows, Esq.

# **Exhibit A**

| First | Last | Start | End | Back Wages | Liquidated Damages | Interest | Total Due |
|---|---|---|---|---|---|---|---|
| Rosalyn | Aguilar | 1/1/2014 | 6/30/2014 | $548.01 | $548.01 | $3.66 | $1,099.68 |
| Robert Ian | Aguino | 6/1/2017 | 2/28/2018 | $828.11 | $828.11 | $5.53 | $1,661.75 |
| Edgar Ian | Angeles | 10/1/2016 | 2/28/2018 | $1,567.92 | $1,567.92 | $10.47 | $3,146.32 |
| Philip | Barria | 2/1/2015 | 6/30/2017 | $2,679.17 | $2,679.17 | $17.90 | $5,376.24 |
| Patrick | Basa | 10/7/2013 | 8/31/2014 | $998.60 | $998.60 | $6.67 | $2,003.87 |
| Ronaldo | Benedicto | 6/1/2016 | 10/31/2017 | $1,574.01 | $1,574.01 | $10.51 | $3,158.54 |
| Ariel | Bebedor | 10/7/2013 | 1/31/2015 | $1,464.41 | $1,464.41 | $9.78 | $2,938.60 |
| Carlo | Cabuhat | 10/7/2013 | 9/30/2014 | $1,089.93 | $1,089.93 | $7.28 | $2,187.15 |
| Leonardo | Castro | 10/7/2013 | 8/31/2014 | $998.60 | $998.60 | $6.67 | $2,003.87 |
| Reynato | Conde | 10/7/2013 | 2/28/2018 | $4,886.44 | $4,886.44 | $32.64 | $9,805.52 |
| Dennis | Cruz | 6/1/2015 | 6/30/2017 | $2,313.83 | $2,313.83 | $15.46 | $4,643.11 |
| Consuelo | Cuyugan | 12/31/2016 | 6/30/2017 | $551.06 | $551.06 | $3.68 | $1,105.79 |
| Osias | Damayo | 10/7/2013 | 8/31/2014 | $998.60 | $998.60 | $6.67 | $2,003.87 |
| Edilberto | Daria | 6/1/2014 | 10/30/2014 | $459.72 | $459.72 | $3.07 | $922.51 |
| Celso | David | 10/7/2013 | 2/28/2018 | $4,886.44 | $4,886.44 | $32.64 | $9,805.52 |
| Randy | David | 9/1/2014 | 10/6/2016 | $2,332.10 | $2,332.10 | $15.58 | $4,679.77 |
| Rosally | De Guzman | 9/1/2014 | 6/30/2016 | $2,033.73 | $2,033.73 | $13.59 | $4,081.05 |
| Frenil | De La Cruz | 10/7/2013 | 6/30/2016 | $3,035.38 | $3,035.38 | $20.28 | $6,091.03 |
| Amelia | De La Paz | 7/1/2016 | 8/31/2017 | $1,296.96 | $1,296.96 | $8.66 | $2,602.59 |
| Constantino Raphaeo | Domingo | 7/1/2016 | 11/30/2016 | $462.77 | $462.77 | $3.09 | $928.62 |
| Cleta | Elesterio | 10/7/2013 | 1/31/2015 | $1,464.41 | $1,464.41 | $9.78 | $2,938.60 |
| Dolores | Gibaga | 5/1/2014 | 7/31/2014 | $277.05 | $277.05 | $1.85 | $555.95 |
| Napoleon | Guevarra | 7/1/2016 | 12/31/2016 | $557.15 | $557.15 | $3.72 | $1,118.01 |
| Mary Ann | Hernandez | 10/7/2016 | 2/28/2018 | $1,549.66 | $1,549.66 | $10.35 | $3,109.66 |
| Jose | Intia | 10/7/2013 | 10/6/2016 | $3,333.74 | $3,333.74 | $22.27 | $6,689.75 |
| Joseph | Iria | 3/1/2016 | 3/31/2017 | $1,202.58 | $1,202.58 | $8.03 | $2,413.20 |
| Shaylanie | Joaquin | 9/1/2014 | 6/30/2017 | $3,144.98 | $3,144.98 | $21.01 | $6,310.97 |
| Igmedio | Laxamana | 10/7/2013 | 8/31/2014 | $4,335.38 | $4,335.38 | $28.96 | $8,699.73 |
| Adelbert | Lising | 9/1/2015 | 6/30/2017 | $2,033.73 | $2,033.73 | $13.59 | $4,081.05 |
| Elvira | Lucena | 4/1/2016 | 2/28/2018 | $2,125.07 | $2,125.07 | $14.20 | $4,264.33 |
| Erzen | Madrigal | 10/7/2013 | 10/31/2014 | $1,184.31 | $1,184.31 | $7.91 | $2,376.54 |
| Nelson | Magaling | 9/1/2015 | 12/31/2015 | $368.39 | $368.39 | $2.46 | $739.23 |
| Noel | Mallari | 10/7/2013 | 6/30/2017 | $4,146.62 | $4,146.62 | $27.70 | $8,320.95 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Edourd | Merced | 10/7/2013 | 2/28/2018 | $4,886.44 | $4,886.44 | $32.64 | $9,805.52 |
| Teresita | Miranda | 10/7/2013 | 2/28/2018 | $4,886.44 | $4,886.44 | $32.64 | $9,805.52 |
| Benjamin | Nicolas | 10/7/2013 | 1/31/2015 | $1,464.41 | $1,464.41 | $9.78 | $2,938.60 |
| Nerissa | Ramiscal | 10/7/2013 | 10/6/2016 | $3,333.74 | $3,333.74 | $22.27 | $6,689.75 |
| Ryssa | Ramiscal | 7/1/2015 | 6/30/2016 | $1,111.25 | $1,111.25 | $7.42 | $2,229.92 |
| Elarni | Ramos | 10/7/2013 | 1/31/2015 | $1,464.41 | $1,464.41 | $9.78 | $2,938.60 |
| Kim | Roberts (Pilare) | 10/7/2013 | 8/31/2014 | $998.60 | $998.60 | $6.67 | $2,003.87 |
| Marivic | Rodriguez | 6/1/2015 | 3/31/2016 | $925.53 | $925.53 | $6.18 | $1,857.25 |
| Arlene | San Juan | 7/1/2017 | 2/28/2018 | $736.77 | $736.77 | $4.92 | $1,478.46 |
| Lydia | Sanguyo | 10/7/2013 | 12/31/2015 | $2,481.28 | $2,481.28 | $16.57 | $4,979.13 |
| Nilo | Sanguyo | 10/7/2013 | 10/6/2016 | $3,333.74 | $3,333.74 | $22.27 | $6,689.75 |
| Reynaldo | Serrano | 10/7/2013 | 1/31/2015 | $1,464.41 | $1,464.41 | $9.78 | $2,938.60 |
| Fritzie | Simmons | 1/1/2014 | 6/30/2014 | $548.01 | $548.01 | $3.66 | $1,099.68 |
| Elydio Rasty | Valdez | 7/1/2016 | 2/28/2018 | $1,848.02 | $1,848.02 | $12.34 | $3,708.38 |
| Ace | Villanueva | 10/7/2013 | 4/30/2016 | $2,849.66 | $2,849.66 | $19.04 | $5,718.36 |
| Marlon | Villanueva | 10/7/2013 | 1/31/2015 | $1,464.41 | $1,464.41 | $9.78 | $2,938.60 |
| Marvin | Villanueva | 10/7/2013 | 9/30/2015 | $2,201.18 | $2,201.18 | $14.70 | $4,417.07 |
| Joseph | Yrastorza | 10/7/2013 | 1/31/2015 | $1,464.41 | $1,464.41 | $9.78 | $2,938.60 |
| Renato | Yrastorza | 10/7/2013 | 7/31/2014 | $904.22 | $904.22 | $6.04 | $1,814.48 |
| Dolores | Yrsatorza | 10/7/2013 | 7/31/2014 | $904.22 | $904.22 | $6.04 | $1,814.48 |
| **Total** | | | | **$100,000.00** | **$100,000.00** | **$668.00** | **$200,668.00** |

**Exhibit B**

# LEGAL NOTICE TO ALL EMPLOYEES

The United States Department of Labor conducted an investigation of Alternative Senior Care, Inc. (including La Bella Holdings, LLC; RG Holdings, LLC; Advocate Care Placement, LLC; Tonya Campo; Geneane Paschal; Maria ("Cherry") Emeterio; and Jeremy Parungao) and has determined that persons who work here, including caregivers and administrators ("you"), were wrongly classified as "independent contractors," and should instead have been treated as "employees" because your work is controlled by Alternative Senior Care and you are not independent business people.

In a settlement with the United States Department of Labor, Alternative Senior Care, Inc. (including La Bella Holdings, LLC; RG Holdings, LLC; Advocate Care Placement, LLC; Tonya Campo; Geneane Paschal; Maria ("Cherry") Emeterio; and Jeremy Parungao) have voluntarily agreed to pay the back wages and liquidated damages owed to you, and to take other steps to ensure that all employees are paid properly under the Fair Labor Standards Act ("FLSA").

The FLSA provides that all employees must be paid **minimum wage** for all hours worked. In addition, all employees must be paid the **overtime** rate of time and one half their regular rate for hours worked over forty (40) in a workweek. All

employees are entitled to overtime when they work over forty (40) hours.

**The United States Department of Labor wants to remind you that you may contact the Department if you have any questions about your employment situation, such as your classification as an employee (versus independent contractor) and your rights to minimum and overtime wages.**

**If you think you are not being paid in accordance with the law, you can call the United States Department of Labor, Wage and Hour Division, at (714) 621-1650 or 1-866-4-USWAGE (1-866-487-9243), and your name will be kept confidential.**

The Department wants to remind you that you also have employment rights under California state law and you may contact the California Division of Labor Standards Enforcement, at (714) 558-4910, for any questions you may have about those rights.